1    **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9

10   James William Gates,                    )
                                             )
11              Petitioner,                  )    No. CV-06-2251-PHX-PGR (CRP)
          vs.                                )
12                                           )
     Dora B. Schriro,                        )
13                                           )         ORDER
                Respondent.                  )
14   _____        )

15        Having reviewed *de novo* the Report and Recommendation of Magistrate

16   Judge Pyle in light of Petitioner's Objection to Report and Recommendation of

17   Magistrate Judge (doc. #14) and Respondents' [sic] Response to Petitioner's

18   Objection to Report and Recommendation (doc. #15), the Court finds that the

19   petitioner's objections should be overruled as legally meritless and that the

20   Magistrate Judge correctly determined that the petitioner's habeas petition, filed

21   pursuant to 28 U.S.C. § 2254, should be dismissed as time-barred.

22        The Magistrate Judge concluded that the petition was untimely because it

23   was filed after the expiration of the one-year limitations period set forth in 28

24   U.S.C. § 2244(d)(1)(A).[1]   The petitioner, who concedes in his Objection that his

25   _____

26        [1]

          Section 2244(d)(1)(A), the limitations period normally applied to § 2254

1    petition was untimely if the applicable limitations period is § 2244(d)(1)(A), argues

2    that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(B) or, alternatively,

3    under § 2244(d)(1)(D).  The Court disagrees.

4         Pursuant to § 2244(d)(1)(B), the limitations period begins to run from the

5    date any impediment to the filing of the federal habeas petition created by

6    unconstitutional state action is removed.  The sole claim raised by the petitioner

7    in this action is that his right to present a defense secured to him by the

8    Fourteenth Amendment's Due Process Clause and the Sixth Amendment's

9    Confrontation Clause was denied when the state trial court precluded him from

10   presenting third party culpability evidence. The petitioner argues that the

11   limitations period began to run anew on May 1, 2002, which is when the Arizona

12   Supreme Court issued its decision in State v. Gibson, 44 P.3d 1001 (Ariz.2002).

13   The petitioner contends that Gibson removed an impediment to the filing of a

14   meritorious federal habeas petition by him, with the impediment being what he

15   conclusorily refers to as Arizona's previous "clearly unconstitutional" ban on the

16   admission of third-party culpability evidence. The Court agrees with the

17   Magistrate Judge that the Gibson case did not remove an "impediment" for

18   purposes of § 2244(d)(1)(B).

19       In Gibson, the Arizona Supreme Court, without citing to any federal

20   precedent or the federal constitution, clarified that the standard for the admission

21   of evidence that a third party committed the crime at issue was not some

22   _____

23   petitions, provides that the one-year limitations period begins to run on "the date
     on which the judgment became final by the conclusion of direct review or the
24   expiration of the time for seeking such review[.]"  According to the respondent,
     the petitioner was required to file his petition no later than April 24, 2002 pursuant
25   to § 2244(d)(1)(A), but he did not file it until September 19, 2006, approximately
26   four years and five months late.

1   "inherent tendency" test that lower state courts had gleaned from State v.

2   Fulminante, 778 P.2d 602 (Ariz.1988), but rather that the standard of admissibility

3   was that set forth in Rules 401-403 of the Arizona Rules of Evidence.[2]  As the

4   Magistrate Judge correctly determined, the petitioner's contention that

5   § 2244(d)(1)(B) is applicable to him as a result of Gibson is foreclosed by

6   Shannon v. Newland, 410 F.3d 1083, 1087-88 (9th Cir.2005), *cert. denied*, 546

7   U.S. 1171 (2006), wherein the Ninth Circuit determined that § 2244(d)(1)(B) did

8   not apply to a state court's clarification of its own law.  In so doing, the Ninth

9   Circuit rejected any construction of § 2244(d)(1)(B) that would provide that

10   "[w]henever a state court clarified its own substantive or procedural law, any

11   prisoner convicted under the understanding of the state's legal standard or

12   procedure previously prevailing in state courts - no matter how long ago he was

13   convicted - would be free to file a federal habeas petition." *Id.* at 1088.

14       Notwithstanding the petitioner's contention that his ability to maintain a

15   "meritorious" habeas case in federal court was stymied by Arizona's pre-Gibson

16   case law, the Court agrees with the Magistrate Judge that the existence of such

17   case law did not impede the petitioner from actually filing a timely federal habeas

18   petition. *See id.* at 1087-88 *(*Court noted that no support exists for "the

19   proposition that a state's determination of its own substantive law in a way that

20

21       2

22       In Fulminante, the court stated that before a defendant could introduce
    evidence of third-party culpability, the defendant had to show that the evidence
23   had "an inherent tendency to connect such other person with the actual
    commission of the crime.  Vague grounds of suspicion are not sufficient." 778
24   P.2d at 617.  In Gibson, although the court found that the phrase "inherent
    tendency" was "unhelpful" to the determination of the proper admissibility
25   standard, 44 P.3d at 1004, the court never discussed, much less determined,
    whether an "inherent tendency" test was constitutionally infirm.
26

1 leaves a convict with no meritorious federal claim can constitute an 'impediment'

2 under § 2244(d)(1)(B)" since the plain meaning of § 2244(d)(1)(B) is that it

3 "applies when a petitioner has been impeded from *filing* a federal habeas

4 petition[,] and that in that case the petitioner "was free to *file*" a habeas petition at

5 any time notwithstanding the existing state law.) (Emphases in original).

6      Pursuant to § 2244(d)(1)(D), the limitations period may also begin to run

7 from the date on which the factual predicate underlying a claim could have been

8 discovered through the exercise of due diligence.  The petitioner alternatively

9 argues that the limitations period began to run from the issuance of the Gibson

10 decision "under the equitable tolling principles codified in 28 U.S. § 2254(d)(1)(D)"

11 because that decision served as the factual predicate for his federal constitutional

12 claim.  The Court agrees with the Magistrate Judge that this argument is also

13 foreclosed by Shannon v. Newland, as the Ninth Circuit concluded therein that "a

14 state-court decision establishing an abstract proposition of law arguably helpful to

15 the petitioner's claim does not constitute the 'factual predicate' for that claim" for

16 purposes of § 2244(d)(1)(D). 410 F.3d at 1089.  As the Ninth Circuit noted, "[i]f a

17 change in (or clarification of) state law, by a state court, in a case in which the

18 [petitioner] was not a party, could qualify as a 'factual predicate,' then the term

19 'factual' would be meaningless." *Id.* at 1088. *See also*, Lo v. Endicott, 506 F.3d

20 572, 576 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 1487 (2008) ("[W]e do not find

21 that a state court decision modifying substantive law constitutes a 'factual

22 predicate' under § 2244(d)(1)(D) justifying a new one-year limitations period. ...

23 We have never held that a change in state substantive law constitutes an

24 'extraordinary circumstance' that warrants equitable tolling.") Therefore,

25      IT IS ORDERED that the Magistrate Judge's Report and Recommendation

26

1   (doc. #13) is accepted and adopted by the Court.

2        IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas

3   Corpus by a Person in State Custody, filed pursuant to 29 U.S.C. § 2254, is

4   denied as time-barred and that this action is dismissed.  The Clerk of the Court

5   shall enter judgment accordingly.

6        DATED this 2nd day of February, 2009.

7

8

9

10                              Paul G. Rosenblatt
                               United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26