**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James William Gates, | |
| Petitioner, | No. CV-06-2251-PHX-PGR |
| vs. | |
| Charles L. Ryan, | <u>ORDER</u> |
| Respondent. | |

Petitioner James William Gates, through counsel, filed a Motion to Re-Open Under Rule 60(b)(1-6) of the Federal Rules of Civil Procedure (Doc. 29) on October 17, 2011. Having reviewed the parties' memoranda in light of the relevant record, the Court, in the exercise of its sound discretion, finds that the motion should be denied.

<u>Background</u>

The petitioner, through previous counsel, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 19, 2006. The petition alleged a single ground for relief: that the Arizona courts violated the petitioner's right to present a defense secured by the due process clause of the Fourteenth Amendment and the confrontation clause of the Sixth Amendment by

applying an improper and unlawful test to determine the admissibility of third-party culpability evidence. The petitioner's basic argument regarding the timeliness of his petition was that the AEDPA's one-year limitations period began to run on May 1, 2002, which is when the Arizona Supreme Court issued its decision in State v. Gibson, 44 P.3d 1001 (Ariz.2002)[1]; the petitioner contended that Gibson removed an impediment to the filing of a meritorious federal habeas petition by him for purposes of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(B), and that Gibson constituted the factual predicate underlying his federal constitutional claim for purposes of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(D). The Court, in an order (Doc. 16) and a judgment (Doc. 17) entered on February 2, 2009, dismissed the petitioner's habeas petition as time-barred. In doing so, the Court concluded that the applicable statute of limitations was that set forth in 28 U.S.C. § 2244(d)(1)(A) and that the petition was untimely in that it was filed more than four years after the expiration of that limitations period; the Court specifically rejected the petitioner's arguments that the alternative limitations periods set forth in §§ 2244(d)(1)(B) or (d)(1)(D) controlled the timeliness of his petition. The petitioner, through counsel, filed a notice of appeal (Doc. 18) and a motion for a certificate of appealability (Doc. 19) on February 26, 2009. The Court, in an order (Doc. 23) entered on March 24, 2009, determined that no certificate of appealability would be issued. The Ninth

---

[1] In Gibson, the Arizona Supreme Court, without relying on any federal precedent or the federal constitution, clarified that the standard for the admission of evidence that a third party committed the crime at issue was not some "inherent tendency" test that lower state courts had gleaned from State v. Fulminante, 778 P.2d 602 (Ariz.1988), but rather that the standard of admissibility was that set forth in Rules 401-403 of the Arizona Rules of Evidence.

Circuit Court of Appeals, in an order entered on April 28, 2010, denied the petitioner's request for a certificate of appealability. The Ninth Circuit entered an additional order on August 5, 2011, wherein it denied the petitioner's *pro se* request for the issuance of a mandate, noting that no mandate would be issued and that the case was closed due to its previous refusal to issue a certificate of appealability.

Discussion

The petitioner is seeking through the mechanism of Fed.R.Civ.P. 60(b) to have the Court vacate its judgment of dismissal and grant him relief on the merits of his habeas petition. He contends that he should be entitled to equitable tolling of the AEDPA's limitations period as he is actually innocent based on the ruling in State v. Gibson, 202 Ariz. 321, 44 P.3d 1001 (Ariz.2002), regarding the admissibility of evidence of third-party culpability.[2] The invocation of Rule 60(b) is appropriate to the extent that the petitioner is arguing that the Court committed legal error in determining that his habeas petition was not timely filed. Gonzalez v. Crosby, 545 U.S. 524, 532 n. 4, 125 S.Ct. 2641, 2548 n.4 (2005) (Supreme Court concluded that in a habeas action, a Rule 60(b) motion for relief from the judgment is not considered to be the equivalent of a second or successive habeas petition if the petitioner is asserting "that a previous ruling which precluded a merits determination was in error - for example, a denial for such

---

[2] While the petitioner asserts in his motion that his federal habeas petition was timely filed if the equitable tolling principles codified in § 2254(d)(1)(D) are applied, the Court has already ruled in this action that the application of the limitations period of § 2254(d)(1)(D) is foreclosed by Shannon v. Newland, 410 F.3d 1083 (9th Cir.2005). Nothing in the petitioner's Rule 60(b) motion, which in effect reiterates arguments the Court has already rejected regarding the impact of the Gibson case, persuades the Court that its earlier decision was incorrect.

reasons as failure to exhaust, procedural default, or statute-of-limitations bar.") The petitioner has not, however, established that he is entitled to any Rule 60(b) relief.[3]

In order to properly invoke Rule 60(b), the petitioner must first meet the rule's requirement that such a motion be brought in a timely manner. Fed.R.Civ.P. 60(c)(1); Gonzalez, 545 U.S. at 535, 125 S.Ct. at 2649.  To the extent that the petitioner is attempting to ground his motion on Rule 60(b)(1), which permits a revocation of a judgment on grounds of "mistake, inadvertence, surprise or excusable neglect" if the motion is made "no more than a year after the entry of judgment[,]" the Court agrees with the respondent that the motion is untimely as it was filed some two years and eight months after the entry of judgment.  While the petitioner generally argues, without citation to any legal authority, that the timeliness of his motion must be determined from the date of the final disposition of his appeal, the Court is unpersuaded because the pendency of an appeal does not toll the running of Rule 60(c)(1)'s one-year limitation period. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989) ("The government's brief suggests, and we agree, that Nevitt's Rule 60(b)(2) motion is untimely because the one-year limitation period is not tolled during an appeal. ... Although we have not expressly held that the pendency of an appeal does not toll the one year period, we do so now. ... Since the Rule 60(b)(2) motion was not filed within one year of entry of judgment, the district court lacked jurisdiction to consider it.")

---

[3] While it is not clear from the petitioner's unspecific reference to "Rule 60(b)(1-6)" whether he is attempting to rely on all of the subsections of Rule 60(b), or just subsections (1) and (6), which are the only two subsections he actually sets forth, the Court presumes that it is the latter.

While the respondent has made a credible argument that the petitioner's claim under Rule 60(b)(6), which permits the revocation of a judgment for "any other reason that justifies relief" if made "within a reasonable time[,]" Rule 60(c)(1), is also time-barred, the Court presumes, without deciding, that this claim was timely filed. The Court concludes, however, that this case does not present the Court with the unique circumstances warranting relief from the operation of the judgment pursuant to Rule 60(b)(6).

In order to be entitled to Rule 60(b)(6) relief, the petitioner must show the existence of "extraordinary circumstances" justifying the reopening of the judgment and the Supreme Court has made it clear that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535, 125 S.Ct. at 2649.  The petitioner's premise is that the reopening of his habeas action is appropriate under Rule 60(b)(6) in light of changes in the law subsequent to the entry of the judgment in this action regarding the equitable tolling of the AEDPA's limitations period, *i.e.*, the decisions in Holland v. Florida, _ U.S. _, 130 S.Ct. 2549 (2010) and Lee v. Lambert, 633 F.3d 1176 (9th Cir. 2011)[4]. The petitioner, however, does not discuss how these decisions are applicable to the facts of this action given the strict limitations of Rule 60(b)(6), and the Court concludes that they are not.  Not only has the Supreme Court noted that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)," Agostini v. Felton, 521 U.S. 203, 239,117 S.Ct. 1997, 2018 (1997), neither Holland nor Lee could in any

---

[4] Since the Lee decision cited to by the petitioner is merely the Ninth Circuit's order stating that the original panel's decision was to be reheard *en banc*, the Court presumes that the petitioner actually meant to cite to the *en banc* decision in Lee, 653 F.3d 929 (9th Cir.2011), entered on August 2, 2011.

case constitute the requisite extraordinary circumstance because neither decision upset or overturned a settled legal principle as to now permit the petitioner to raise a credible claim that he could not have previously raised.

First, while the Supreme Court confirmed for the first time in Holland that the AEDPA's one-year statute of limitations may be equitably tolled in appropriate circumstances, the Ninth Circuit had already adopted the same principle of equitable tolling prior to the time the petitioner commenced his federal habeas action, *see* Calderon v. United States District Court for Central District of California, 128 F.3d 1283, 1289 (9th Cir.1997), and the Court has already ruled that the petitioner is not entitled to equitable tolling under that standard.

Second, while the Ninth Circuit held in Lee for the first time that a credible claim of actual innocence constitutes an equitable exception to the AEDPA's limitations period and that a habeas petitioner who makes such a showing may pass through the gateway of Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995), and have his otherwise time-barred claims heard on their merits, no Supreme Court or Ninth Circuit precedent existing at the time the petitioner originally filed his habeas petition through counsel in September 2006 barred him from specifically raising the actual innocence claim he is now attempting to raise as the question of an actual innocence claim's impact on the limitations period was then unsettled. S*ee* Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (Court expressed no opinion on whether surviving the rigors of the Schlup gateway "has the consequence of overriding AEDPA's one-year statute of limitations, a legal question not yet decided by this Circuit or the Supreme Court."); Smith v. Schriro, 2006 WL 2504347, at *4 (D.Ariz. Aug. 28, 2006) (Court noted both that "[n]either the Supreme Court nor the Ninth Circuit has decided the legal question of

whether a credible claim of actual innocence equitably tolls, or otherwise overrides, the AEDPA statute of limitations" and that the Sixth Circuit, in <u>Souter v. Jones</u>, 395 F.3d 577, 602 (6th Cir.2005), had held that equitable tolling of the AEDPA's limitations period was appropriate based on a showing of actual innocence.")

The Court further concludes that the petitioner is not entitled to a certificate of appealability, to the extent that one is necessary in order for the petitioner to appeal this Order, because he has not shown that jurists of reason would find it debatable whether the Rule 60(b) motion states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court is correct in its procedural ruling. Therefore,

IT IS ORDERED that the petitioner's Motion to Re-Open Under Rule 60(b)(1-6) of the Federal Rules of Civil Procedure (Doc. 29) is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

DATED this 20th day of December, 2011.

Paul G. Rosenblatt
United States District Judge